IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HONG NGUYEN, ) | |
| ) | Civil Action No. 19-986 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| KARAG FORD OF PITTSBURGH, LLC, *and* ) | |
| KENNY ROSS FORD SOUTH, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**I. MEMORANDUM**

On August 16, 2019, *pro se* Plaintiff Hong Nguyen (hereinafter "Plaintiff") filed his Complaint (hereinafter "Complaint," Doc. 3) against Defendants KARAG Ford of Pittsburgh, LLC and Kenny Ross Ford South, Inc.[1] (hereinafter collectively "Defendants"). On March 6, 2020, Defendants moved to dismiss the Complaint without certifying that they had met and conferred with Plaintiff about whether the deficiencies could be cured by amendment. (Doc. 19.) On March 9, 2020, Defendants again moved to dismiss the Complaint, this time with the certification. (Motion to Dismiss Plaintiff's Complaint, hereinafter "Motion to Dismiss," Doc. 22.) On March 12, 2020, Plaintiff filed the Plaintiff's Response and the Plaintiff's Second Response. (Doc. 27; Doc. 29.)

After consideration of all briefing, Defendants' Motion to Dismiss will be granted in part and denied in part.

---

[1] Defendants have stated that they were improperly named. (Motion to Dismiss at 1.)

1

A. **BACKGROUND**

Plaintiff worked as an auto technician for Defendants for approximately two months in 2019. (Complaint at ¶ before A[2]; Earnings Statement, Doc. 3-2.[3]) Plaintiff asserts that he was not paid for all the hours of labor he performed for Defendants. (Complaint at ¶ A.) Additionally, Plaintiff asserts that Defendants did not pay him for overtime worked and that, prior to his hire, Defendants promised him that he would work a full 40 hours a week. (Id. at ¶¶ B and C.)

Plaintiff says he complained several times about not getting paid properly but that Defendants "still did not pay." (Id. at ¶ B.) As a result, on July 29, 2019, Plaintiff asserts that Defendants' general manager and service manager retaliated by forcing him to agree to a suspension in lieu of termination. (Id. at ¶ E.) Using best efforts to understand the Complaint, Plaintiff claims that the reasons he was given for being suspended were unjustified or pretextual because he disagrees with Defendants' stated performance issues. (Id. at ¶ E.)

B. **ANALYSIS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the

---

[2] *Pro se* Plaintiff organized his Complaint in a non-standard way: in lieu of numbered paragraphs for each assertion, Plaintiff organized his pleading by using letters and roman numerals. The Court references his allegations in the same manner. Additionally, the Court has done its best to discern from the Complaint what Plaintiff's allegations are. The Complaint itself contains various grammatical/linguistic errors.

[3] The Court may properly rely on these documents at this stage because they were attached to the Complaint. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

necessary element." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).

Defendants advance four arguments in their Motion to Dismiss: (1) Plaintiff's Complaint fails to comport with pleading standards by failing to clearly articulate grounds for jurisdiction and/or cause of action, (2) Plaintiff is exempt from overtime pay pursuant to the FLSA, (3) Plaintiff is unable to assert a federal minimum wage claim and (4) Plaintiff cannot state a claim for denial of full-time work because Defendants were not under a statutory obligation to guarantee full-time work nor has Plaintiff referenced or attached any employment contract or agreement.  (Motion to Dismiss at 1-2.)  Each will be addressed in turn.

### 1. Articulation of jurisdiction and/or cause of action

"*[P]ro se* pleadings, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'"  Chambers v. Hathaway, 2010 WL 2804516, at *2 (W.D. Pa. July 14, 2010) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  If the pleadings can be reasonably read "to state a valid claim on which the litigant can prevail," then a court "should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements." Chambers, 2010 WL 2804516, at *2 (citing Boag v. McDonald, 454 U.S. 364, 364-65 (1982)).

Defendants argue that their Motion to Dismiss should be granted because "Plaintiff does not provide any basis for this Court's jurisdictional powers or identify any federal statutes pursuant to which he seeks relief." (Brief in Support of Defendants' Motion to Dismiss, hereinafter "Brief in Support," Doc. 23 at 5-6.)  The Court disagrees because these are not justifications to grant a 12(b)(6) Motion to Dismiss against a *pro se* plaintiff.  See Chambers,

2010 WL 2804516, at *2 (citing Boag, 454 U.S. at 364-65); see also Wonders v. Crutchfield, 2013 WL 2453535, at *3 (M.D. Ala. June 4, 2013) ("The court will not dismiss the complaint on the basis of the *pro se* plaintiff's failure to include a jurisdictional statement…if the complaint otherwise reveals a basis for this court's exercise of subject matter jurisdiction").[4]

Additionally, Defendants argue Plaintiff's Complaint should be dismissed in its entirety because "Plaintiff's Complaint, even liberally construed, lacks clarity," thereby failing "to assert any clear cause of action against Defendants…" (Brief in Support at 6.) Again, the Court disagrees, as it can discern two federal causes of action in Plaintiff's Complaint, for overtime wages and retaliation, and two other non-federal causes of action, for breach of contract and unpaid wages.

### 2. Federal causes of action

#### a. Exemption from overtime pay

Defendants argue that Plaintiff is exempt from overtime wages as a matter of law and therefore his claim for overtime pay should be dismissed with prejudice. (Id. at 7-8.) While the Fair Labor Standards Act (hereinafter "FLSA") requires overtime payments for many employees, it has an exemption for "any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles, trucks, or farm implements, if he is employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers." 29 U.S.C. § 213 (2018). Furthermore, the Pennsylvania Minimum Wage Act (hereinafter "PMWA") incorporates this exemption at the state level as well by using almost identical language.[5] 43 Pa. Stat. Ann. § 333.105. The burden of proving that an employee is

---

[4] Notably, Defendants have not moved to dismiss on the basis of 12(b)(1).
[5] There are some differences between these two statutes as the PMWA grants its exemption to "Any sales or parts employee or mechanic primarily engaged in selling and servicing

4

covered by an FLSA exemption falls upon the employer, and these exemptions are to be "narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit." Arnold v. Ben Kanowitz, Inc., 361 U.S. 388, 392 (1960) (citing Mitchell v. Kentucky Fin. Co., 359 U.S. 290, 295 (1959)).

Defendants argue that Plaintiff's claim for overtime wages is barred because "there is no dispute that Plaintiff worked for KRAG Ford South, which is a Kenny Ross dealership selling Ford vehicles" and, furthermore, "there is no dispute that Plaintiff worked for KRAG Ford South as a mechanic with the responsibility of servicing automobiles." (Brief in Support at 7.) Regarding being a mechanic primarily engaged in selling or servicing automobiles, Plaintiff's allegations are consistent with Defendants' stance; he states he worked for Defendants as an auto technician. (Complaint at ¶ before A.)[6] Additionally, Plaintiff submitted to the Court thirty-eight pages of Kenny Ross Ford South's "Technician Payroll Report" that describe the mechanical jobs he performed for Defendants. (Technician Payroll Report, Doc. 3-1 at 2-39.)

However, with respect to Defendants being considered a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers,

---

automobiles, trailers, trucks, farm implements or aircraft if employed by a non-manufacturing establishment primarily engaged in the selling of such vehicles to ultimate purchasers." (43 Pa. Stat. Ann. § 333.105). However, these differences are irrelevant to the case at hand.

[6] While the FLSA does not define what a mechanic is, the Court of Appeals for the Fifth Circuit has defined the term to mean "any employee doing mechanical work, such as get ready mechanics, automotive, truck, farm implement, or aircraft mechanics, body or fender mechanics, used car reconditioning mechanics and wrecker mechanics," but that it does not include "employees primarily performing such nonmechanical work as washing, cleaning, painting, polishing, installing seat covers, dispatching, lubricating, or other nonmechanical work." Shultz v. Louisianna Trailer Sales, Inc., 428 F.2d 61, 67 n.7 (5th Cir. 1970) (quoting Wage & Hour Manual (BNA) 91:933 (1967)). The Court is satisfied that Plaintiff's work was primarily that of a mechanic.

Defendants have not provided a sufficient showing. Rather they simply state that "there is no dispute" that "KRAG Ford South…is a Kenny Ross dealership." (Brief in Support at 7.)[7] As such, Defendants have failed to meet their burden of proving the applicability of an FLSA exemption for overtime wages, and therefore this aspect of Defendants' Motion to Dismiss will be denied.

### b.     Federal minimum wage

Plaintiff has not brought a federal minimum wage cause of action. Nevertheless, in arguing that Plaintiff has no possible FLSA claim, Defendants state that "Plaintiff does not allege that his wages are for less than federal minimum wage" nor can he allege this because "even accepting his calculations of his hours asserted in the Complaint as true" Plaintiff was still "paid more than the federal minimum wage." (Brief in Support at 8-9.)[8] As such, Defendants argue that "Plaintiff cannot state a violation of the wage protections afforded to workers pursuant to the FLSA" and his Complaint should therefore be dismissed with prejudice." (Id. at 9.)

"Importantly, the FLSA does not create liability for unpaid non-overtime compensation for an employee who was paid at least the minimum wage, even if the employee was paid less than his hourly rate." Lopez v. Tri-State Drywall, Inc., 861 F. Supp. 2d 533, 536 (E.D. Pa. Mar. 20, 2012) (citing Brothers v. Portage Nat'l Bank, 2007 WL 965835, at *5 (W.D. Pa. Mar. 29, 2007)). Accepting the approach of other circuits, the Court of Appeals for the Third Circuit

---

[7] Although Plaintiff does at one point refer to one of the Defendants as a "dealer" in his Plaintiff's Response, the Court does not take this to be an affirmation that Defendants are a nonmanufacturing establishment primarily engaged in the business of selling such vehicles or implements to ultimate purchasers, particularly due to Plaintiff's continued struggles with writing the English language. (Doc. 27 at 1.) Furthermore, because the burden of proving that an employee is covered by an FLSA exemption falls upon the employer, Defendants have failed to sufficiently show at this time that this exemption should apply.

[8] The Court checked Defendants' math and finds this conclusion to be accurate.

ruled, "we agree with the clear weight of authority and hold that pure gap time claims—straight time wages for unpaid work during pay periods without overtime—are not cognizable under the FLSA, which requires payment of minimum wages and overtime wages only." Davis v. Abington Mem'l Hosp., 765 F.3d 236, 244 (3d Cir. 2014).

Defendants are correct that Plaintiff cannot bring a claim for unpaid gap-time wages under the FLSA nor do the circumstances here allow him to bring a minimum wage claim as a matter of law. Even accepting Plaintiff's account of hours worked as true, he still received pay in excess of federal minimum wage requirements. Thus, the Defendants' Motion to Dismiss will be granted as to any FLSA minimum wage claims.

### c. FLSA retaliation claim

At this juncture, the Court notes that, if Defendants are able to successfully show that Plaintiff is exempt from federal overtime wage requirements, then Plaintiff has failed to state the two claims they have moved to dismiss under the FLSA. Thus, without a federal cause of action, there would be a question of whether the Court has jurisdiction over Plaintiff's suit.[9] However, the Court discerns a third FLSA cause of action from the face of the Complaint: one for retaliation. As discussed below, the Court finds Plaintiff has adequately stated a plausible retaliation claim.

The FLSA makes it unlawful to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter…" 29 U.S.C. § 215.[10] This has been

---

[9] There is no diversity jurisdiction here under 28 U.S.C. § 1332 because both parties are either domiciled or have their principle place of business in Pennsylvania.

[10] The Court considered whether Plaintiff has a retaliation claim under 29 U.S.C. § 218 (2018). Signed into law around the same time as the Patient Protection and Affordable Care Act (hereinafter "PPACA"), courts have disagreed over whether the provision applies to the FLSA or

construed liberally to allow oral complaints in addition to written complaints as long as the complaint is "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." Kasten v. Saint-Gobain Performance Plastics Corp., 563 U.S. 1, 14 (2011); see Vereen v. Woodland Hills Sch. Dist., 2008 WL 794451, at *27 (W.D. Pa. Mar. 24, 2008) (citing Marriot v. Audiovox Corp., 2006 WL 3805145, at *15 (W.D. Pa. Dec. 22, 2006)) (stating "informal complaints to an employer constitute 'protected activity' for purposes of the FLSA's anti-retaliation provision"). To establish a prima facie case retaliation claim, an employee must show that (1) they engaged in protected activity, (2) the employer took adverse action against them and (3) that there is a causal link between the protected activity and the employer's adverse action. Vereen, 2008 WL 794451, at *27 (citing Kachmar v. SunGard Data Sys., Inc., 109 F.3d 173, 177 (3d Cir. 1997)).

Some circuit courts require an employee to assert statutory rights adverse to the employer, such as through explicitly mentioning the FLSA protections or stepping outside one's employment role to lodge a complaint, in order for their complaints to be considered protected activity under the FLSA's anti-retaliation provision. See Claudio-Gotay v. Becton Dickinson Caribe, Ltd., 375 F.3d 99, 102 (1st Cir. 2004); McKenzie v. Renberg's Inc., 94 F.3d 1478, 1486-87 (10th Cir. 1996).[11] Although the Court of Appeals for the Third Circuit has not directly ruled

---

to Title I of the PPACA. Compare Rosenfeld, 2012 WL 2572984, at *2-4 (D. Ariz. July 2, 2012) (ruling § 218c applies to PPACA and not FLSA since the FLSA contains its own retaliation provision, § 215); with Wiley v. Asplundh Tree Expert Co., 2014 WL 1017208, at *8 (S.D.W.Va. Mar.17, 2014) ("Section 218c of the FLSA prohibits retaliation by an employer against an employee who has assisted or participated in a proceeding" regarding an FLSA violation). However, because he certainly has a cause of action under 29 U.S.C. § 215, the Court declines to wade into the dispute about 29 U.S.C. §218(c).

[11] In these two cases, both circuit courts ruled that the employee did not step out of their employment's role when complaining about incorrect overtime wage payments because their

8

on this issue, its interpretation of the FLSA's anti-retaliation provision is, arguably, broader than these circuit courts' interpretations insofar as this Circuit focuses on the provision's "animating spirit" in "'applying it to activities that might have not been explicitly covered by the language of'" the provision. Dougherty v. Ciber, Inc., 2005 WL 2030473, at *3 (M.D. Pa. July 26, 2005) (quoting Brock v. Richardson, 812 F.3d 121, 123-24 (3d Cir. 1987)). Moreover, the Court of Appeals for the Third Circuit has stated that "the key to construing the anti-retaliation provision is the need to prevent employee's fear of economic retaliation for voicing grievances about substandard conditions," leading the Middle District of Pennsylvania to conclude that the Third Circuit does not require explicit mention of the FLSA. Id. (quoting Brock at 123-24) (inferring from Brock that, if ruled upon, this Circuit would not require assertion of statutory rights adverse to employer). Therefore, this does not bar Plaintiff, who purports to have specifically complained about missing overtime payments—which is under the FLSA's purview—from establishing an FLSA retaliation claim.

Additionally, even if Plaintiff is exempt from FLSA overtime wage regulations, an employee's complaints can still constitute protected activity if one can show that their complaints about FLSA violations were reasonable and done in good faith. Cohen v. BH Media Grp., Inc., 419 F. Supp. 3d 831, 850 (D.N.J. 2019) (citing Saffels v. Rice, 40 F.3d 1546, 1549-50 (8th Cir. 1994)); Wildi v. Alle-Kiski Med. Ctr., 659 F. Supp. 2d 640, 665 (W.D. Pa. 2009), (quoting Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1085 (3d Cir. 1996)). Here, Plaintiff acted in good faith by asserting he was entitled to overtime wages. This is subjectively reasonable given that he believed he had a viable overtime claim. Furthermore, he attended auto

---

job's responsibilities included wage and hours issues and, thus, they had not asserted statutory rights adverse to the employer.

technician school during this employment and therefore, being new to the industry, plausibly did not know about dealership exemptions from FLSA overtime wages. (Complaint at ¶¶ B, III.) Accepting Plaintiff's allegations as true, many of Defendants' mechanics seemed to believe they were entitled to these wages given that Plaintiff has alleged that other employees complained about this as well. (Complaint at ¶ J.)

Moving on to the other two elements required for a retaliation claim, Plaintiff has pleaded that Defendants took adverse action against him by suspending him, and he has also pleaded that there is a causal link between his complaints and being fired. Although Plaintiff has not detailed when his most recent complaint took place, the causal link has been sufficiently pleaded because Plaintiff only worked for Defendants for approximately two months in total; this is short enough to demonstrate a causal link for a complaint made at any point during his employment. See Fasold v. Justice, 409 F.3d 178, 189-90 (3d Cir. 2005) (holding "an inference of retaliation can be drawn" from a time span of "less than three months" between complaint and adverse action). Plaintiff has therefore properly pleaded an FLSA retaliation claim at this stage.

### 3. Non-federal causes of action

All of Plaintiff's claims share a common nucleus of operative fact and arise from the same case or controversy. Therefore, because there is a federal claim here establishing proper jurisdiction, Plaintiff can bring non-federal causes of action through supplemental jurisdiction under 28 U.S.C. § 1367.

#### a. Guarantee of full-time work

Defendants argue that Plaintiff's breach of contract claim should be dismissed because Plaintiff did not properly allege all the necessary facts. "A breach of contract action involves: (1) the existence of a contract; (2) a breach of a duty imposed by the contract; and (3) damages."

Braun v. Wal-Mart Stores, Inc., 24 A.3d 875, 896 (Pa. Super. Ct. 2011) (quoting Sullivan v. Chartwell Inv. Partners, LP, 873 A.2d 710, 716 (Pa. Super. Ct. 2005)).  Furthermore, "while every element must be pleaded specifically, 'it is axiomatic that a contract may be manifest orally, in writing, or as an inference from acts and conduct of the parties.'"  Sullivan, 873 A.2d at 716 (quoting J.F. Walker Co., Inc. v. Excalibur Oil Group, Inc., 792 A.2d 1269, 1272 (Pa. Super. Ct. 2002)).  As such, to survive a Motion to Dismiss for a breach of contract, a plaintiff is not required to submit a written contract into evidence but, rather, is only required to specifically plead these three elements in the Complaint.  See Sullivan, 873 A.2d at 716-17 (reversing lower court's dismissal of breach of contract claim when appellant asserted all three elements regarding an oral agreement because it was "constrained to accept Appellant's averments as true," but cautioning that plaintiff has burden of proving contract's existence at trial).

   Defendants argue that this claim should be dismissed because "Plaintiff does not make any reference to an employment contract and/or agreement, nor does he attach a copy of any such agreement to his Complaint."  (Brief in Support at 9.)  They say that "Plaintiff's one conclusory assertion that he was promised a 40 hour workweek is an 'unadorned accusation' that does not provide the factual allegations sufficient to 'give rise to an entitlement to relief.'"  (Id. (citation omitted).)  The Court disagrees.  Plaintiff plainly refers to an employment contract in his Complaint at ¶ C.  Furthermore, in reference to two-week pay calculations, Plaintiff asserts that "KENNY ROSS ONLY PAID 54 HOURS ON 6/28/2019," "KENNY ROSS ONLY PAID 47 HOURS + 8 Hrs. Holiday ,paid on 7/12/2019" and that "Kenny Ross only paid 40.10 hours on 7/26/2019."  (Complaint at ¶¶ I-III.)  Thus, Plaintiff has asserted both a breach of a duty imposed by the contract and resultant damages and, therefore, has sufficiently pled the elements required of a breach of contract claim.  At this stage, the Court must accept Plaintiff's averments

as true, though Plaintiff has the burden of proving the agreement's existence at trial.  See Sullivan, 873 A.2d at 716-17.  As such, this aspect of Defendants' Motion to Dismiss is denied.[12]

### b. Unpaid wages

The Court finds that Plaintiff has also shown enough facts at this stage to make his unpaid wages claim plausible, not only through his Complaint's assertions, but also through his submissions of Technician Payroll Reports.  For instance, RO 376483 is marked on Plaintiff's report several times, on July 25, 26 and 29, each time with the description column saying it is "TIME OWED FRO" and one time with handwriting next to the description saying "RO 376672." (Technician Payroll Report at 35-36, 39.)  This suggests that Plaintiff was not properly paid for a completed work order and, therefore, Plaintiff has a plausible claim for unpaid wages under Pennsylvania's Wage Payment and Collection Law.[13]  See Sullivan, 873 A.2d at 716 (citing Hartman v. Baker, 766 A.2d 347 (Pa. Super. Ct. 2000)) (stating "to present a wage-payment claim, Appellant had to aver that he was contractually entitled to compensation from wages and that he was not paid").  Additionally, RO 376242 is listed on two separate days that are more than half a month apart, June 28 with a description of "R/R STARTER" and July 16

---

[12] Defendants also argue that the "FLSA does not require employers to guarantee full time work" and ask the Court to dismiss Plaintiff's Complaint with prejudice "for any claim under the FLSA." (Brief in Support at 9-10.)  While Defendants are correct that Plaintiff cannot bring this claim under the FLSA, Plaintiff can bring a state action for a breach of contract.

[13] The relevant provision reads: "Where wages remain unpaid for thirty days beyond the regularly scheduled payday, or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employee of a proper claim or for sixty days beyond the date of the agreement, award or other act making wages payable, or where shortages in the wage payments made exceed five percent (5%) of the gross wages payable on any two regularly scheduled paydays in the same calendar quarter, and no good faith contest or dispute of any wage claim including the good faith assertion of a right of set-off or counter-claim exists accounting for such non-payment, the employee shall be entitled to claim, in addition, as liquidated damages an amount equal to twenty-five percent (25%) of the total amount of wages due, or five hundred dollars ($500), whichever is greater." 43 Pa. Stat. Ann. § 260.10.

with a description of "REPLACED COIL" and "No pay" handwritten next to it, and the July 16 work is given zero sold hours. (Technician Payroll Report at 17, 29.) This also suggests a plausible claim for not being properly paid for a work order. Additionally, unlike most other work orders throughout the Technician Payroll Report that at least have some amount of sold hours, RO 376631 has zero sold hours whatsoever, which could also suggest a plausible claim. (Id. at 32.)[14]

## II.  ORDER

Defendants' Motion to Dismiss (Doc. 22) is GRANTED IN PART and DENIED IN PART.  As for Plaintiff's claims under the FLSA, Defendants' Motion is DENIED with respect to Plaintiff's FLSA claim for overtime pay and GRANTED with respect to any minimum wage claims presented in the Complaint, and the minimum wage claims are DISMISSED WITH PREJUDICE.  Defendants' Motion is also DENIED with respect to Plaintiff's state law claims for breach of contract and unpaid wages.

IT IS SO ORDERED.

October 14, 2020                                s\Cathy Bissoon
                                                Cathy Bissoon
                                                United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

HONG NGUYEN
922 Sleepy Hollow Road
Castle Shannon, PA 15234-2222

---

[14] There are more examples listed in the Technician Payroll Report that make this claim further plausible.